**HYDE & SWIGART, APC**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Yana A. Hart, Esq. (SBN: 306499)
yana@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

**LAW OFFICE OF DANIEL G. SHAY**
Daniel G. Shay, Esq. (SBN: 250548)
danielshay@tcpafdcpa.com
409 Camino Del Rio South, Suite 101B
San Diego, CA 92108
Telephone: (619) 222-7429
Facsimile: (866) 431-3292

Attorneys for Esperanza Collier

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Esperanza Collier, on Behalf of Herself and Others,<br><br>Plaintiff,<br><br>v.<br><br>Check N' Go of California, Inc.,<br><br>Defendant. | Case No: '18CV2847 JLS WVG<br><br>**Class Action Complaint for**<br><br>**VIOLATIONS OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 et. seq.**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

2. Esperanza Collier, ("Plaintiff"), on behalf of herself and all others similarly situated, through Plaintiff's attorneys, brings this action to challenge Check N' Go of California, Inc.'s ("Defendant") actions with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff in violation of the Rosenthal Fair Debt Collection Practices Act ("Rosenthal"). Cal. Civ. Code § 1788 *et. seq*.

3. Plaintiff alleges as follows upon personal knowledge and experience. As to all other matters, Plaintiff bases her allegations on information and belief, including investigation conducted by Plaintiff's attorneys.

4. While many violations are described below with specificity, this Complaint alleges violations of Rosenthal cited in its entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

6. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such specific violation.

7. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs,

successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the Defendant named.

8. All violations alleged regarding Rosenthal are material violations as these violations would limit the ability of a hypothetical least sophisticated debtor to make an intelligent choice as to the alleged debt and actions that should be taken to resolve the alleged debt.

## JURISDICTION & VENUE

9. Jurisdiction is proper under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2), because Plaintiff, a resident of the State of California, seeks relief on behalf of a California class, which will result in at least one class member belonging to a different state than that of Defendant whose principal place of business and incorporation is in the State of Ohio.

10. Plaintiff also seeks the greater of statutory punitive damages of $5,000 per violation per violation pursuant to Cal. Civ. Code § 1785.31, which, when aggregated among a proposed class number in the tens of thousands, exceeds the $5,000,000 threshold for federal court jurisdiction.

11. Therefore, both diversity jurisdiction and the damages threshold under CAFA are present, and this Court has jurisdiction.

12. Because Defendant does business within the State of California, personal jurisdiction is established.

13. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of San Diego, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and (iii) Defendant conducted business within this judicial district at all times relevant.

## PARTIES & DEFINITIONS

14. Plaintiff is a natural person and resident of the city of San Diego, State of California. Plaintiff is, and at all times mentioned herein was, a "debtor" as that term is defined by California Civil Code section 1788.2(h).

15. Defendant is, and at all times mentioned herein was, an Ohio corporation.

16. Defendant is a short-term lender with more than 160 stores throughout California.

17. Defendant, in the ordinary course of business, regularly, on behalf of himself, herself, or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b) and is therefore a "debt collector" as that term is defined by California Civil Code § 1788.2(c).

## FACTUAL ALLEGATIONS

18. Sometime before January 8, 2018, Plaintiff incurred certain financial obligations to Defendant.

19. These alleged obligations were money, property, or their equivalent, which were due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

20. Sometime thereafter, but before January 8, 2018, Plaintiff fell behind in the payments owed on the debt. Beginning on or around January 8, 2018, Defendant started calling Plaintiff's cell phone number ending in 8750.

21. On January 8, 2018, January 15, 2018, and January 17, 2018, a representative of Defendant called Plaintiff and left voicemail messages stating, "Hi Esperanza, this is Yolanda, if you can return my call as soon as possible, my phone number is (858) 576-7444" or some derivative thereof.

22. Subsequently, Defendant called Plaintiff's work phone, at which time Plaintiff answered.

23. A representative named Letty then informed Plaintiff that she was in fact calling on behalf of Check N' Go. Although Plaintiff insisted Defendant stop calling, Letty wanted to discuss Plaintiff's account and threatened Defendant would send the alleged debt to collections.

24. It was not until this call with Letty that Plaintiff discovered Defendant had been placing the prior calls to her cellular phone.

25. Defendant's vague and evasive voicemails were attempts to lure Plaintiff into returning Defendant's phone calls. All the while, Defendant's representatives failed to disclose any meaningful identification in any of its voicemails sent to Plaintiff. Indeed, these voicemails do not put Plaintiff on alert that she is corresponding with a debt collector and are inherently misleading.

26. California Civil Code section 1788.11(b) prohibits debt collectors from attempting to collect consumer debts by "placing telephone calls without disclosure of the caller's identity, provided that an employee of a licensed collection agency may identify himself by using his registered alias name as long as he correctly identifies the agency he represents."

27. None of the three voicemails Defendant sent to Plaintiff make any reference to Check N' Go whatsoever.

28. Furthermore, through this conduct, Defendant engaged in unfair and unconscionable means in connection with the collection of a debt in violation of 15 U.S.C. § 1692f as incorporated by California Civil Code section 1788.17.

29. As a result thereof, Plaintiff has been damaged.

## CLASS ACTION ALLEGATIONS

30. Plaintiff brings this action on Plaintiff's own behalf, and on behalf of all others similarly situated. Plaintiff represents, and is a member of, the following class:

> All persons within California who received any collection communication from Defendant, within the year preceding the filing of this action that contained language identical or substantially similar to Plaintiff's January 2018 voicemails in which Defendant failed to identify itself.

31. Defendant, its employees and agents are excluded from the Class. Plaintiff does not know the number of members in The Class, but believes the Class Members number is in the thousands, or tens of thousands, at a minimum. Thus, this matter should be certified as a Class to assist in the expeditious litigation of this matter.

32. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class Members and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

33. The joinder of the Class Members is impractical and the disposition of their claims in the class action will provide substantial benefits both to the parties and to the court. The Class Members can be identified through Defendant's records.

34. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class Members, including the following:

   a. Whether Defendant's collection attempts violated Rosenthal;

   b. Whether Plaintiff and the Class members were damaged thereby and the extent of damages for such violations; and

   c. Whether Defendant should be enjoined from engaging in such conduct in the future.

35. Plaintiff is asserting claims that are typical of the Class: Plaintiff received collection notices from Defendant whereby Defendant failed to disclose its identity.
36. Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff has retained attorneys experienced in the prosecution of class actions and Plaintiff has no interests antagonistic to the Class.
37. A class action is a superior method for the fair and efficient adjudication of this controversy.  Class-wide damages are essential to induce Defendant to comply with California law.  The interest of Class Members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of Rosenthal are minimal.  Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.
38. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## CAUSE OF ACTION

## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (ROSENTHAL ACT)
## CAL. CIV. CODE §§ 1788-1788.32

39. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.
40. The foregoing acts and omissions constitute numerous and multiple violations of Rosenthal, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32
41. As a result of each and every violation of Rosenthal, Plaintiff and the Class are entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to

$1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- Certification of the Class is sought herein;
- Appoint Plaintiff to serve as the Class Representative in this matter;
- Appoint Plaintiff's Counsel as Class Counsel in this matter; and
- Any such further relief as may be just and proper.

In addition, Plaintiff and the Class pray for further judgment as follows:

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (ROSENTHAL ACT)
### CAL. CIV. CODE §§ 1788-1788.32

- Statutory damages pursuant to Cal. Civ. Code § 1788.30(b), for herself and each Class member;
- An award of actual damages pursuant to California Civil Code § 1788.30(a); and
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

### TRIAL BY JURY

42. Under to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**Hyde & Swigart**

Date: December 18, 2018   By: *s/ Yana A. Hart*
Yana A. Hart, Esq.
Attorney for Plaintiff
Email: yana@westcoastlitigation.com